401 F.2d 500
 69-1 USTC P 9148
 FIREMAN'S FUND INSURANCE COMPANY, Appellant,
v.
C. S. LEONARD, individually and trading as Leonard
Excavating Company, W. W. Wendell Company, Inc., a
Pennsylvania Corporation and
Agricultural Insurance
Company, a New York
Corporation.
 No. 17170.
 United States Court of Appeals Third Circuit.
 Argued Sept. 24, 1968.
Decided Oct. 1, 1968.
 
 Robert F. McCabe, Jr., Pittsburgh, Pa., J. M. McCandless, Robert F. McCabe, Jr., Pittsburgh, Pa., on the brief, for appellant.
 James C. Larrimer, Dougherty, Larrimer, Lee & Hickton, Pittsburgh, Pa., for appellees.
 Before BIGGS, FREEDMAN and VAN DUSEN, Circuit Judges.
 OPINION OF THE COURT
 PER CURIAM.
 
 
 1
 Fireman's Fund Insurance Company, a California surety company doing business in Pennsylvania, appeals to this court from the denial of its motion for a new trial in the court below. The facts are as follows.
 
 
 2
 On December 26, 1963, Stanton Construction Company entered into a written contract with the Lower Yoder Municipal Authority of Cambria County, Pennsylvania, for the construction of a sewage collection system. Pursuant to the contract Stanton gave bonds for the faithful performance of the contract and the payment for materials and labor furnished. Fireman's Fund was surety on the bonds. The United States made an assessment under Sections 3402-3403 of Chapter 24 ('Collection of Income Tax at Source on Wages') of the Internal Revenue Code of 1954 (26 U.S.C. 3402-3403 (1958)), against Stanton for the fourth quarter of 1963 and for every quarter of 1964, the last assessment date being November 4, 1964. Notice of liens was filed in the offices of the Prothonotary and Recorder of Deeds for Allegheny County on November 9, 1964. The United States then executed on Stanton's assets. It is clear that all interested parties including Fireman's Fund had notice of the liens when filed.
 
 
 3
 On November 25, 1964 Stanton was declared in default by the Municipal Authority. At that time Stanton was in possession of pipe and other materials for which payment had not been made. Fireman's Fund paid the materialmen and by reason of these payments acceded to Stanton's interest in the materials under the assignment provisions of the bonds. On May 27, 1965 the United States sold the pipe and other materials at public sale to Wendell and Leonard, the new contractors. The Internal Revenue Service thereupon issued a certificate of sale to Wendell and Leonard. Fireman's Fund objected to these proceedings claiming ownership of the pipe.
 
 
 4
 The suit at bar is to recover the value of the pipe, Fireman's Fund contending that the material in question belonged to it by reason of subrogation. The argument is without merit. The federal tax lien was good against all persons having notice of it. See 12A P.S. 9-401(2) and 26 U.S.C. 6321-6322. Fireman's Fund is merely a general creditor. Its rights as subrogee did not ripen until the declaration by the Municipal Authority of the default, by which time the federal tax liens had already been filed.
 
 
 5
 Accordingly, the judgment will be affirmed.